*In re* GALLAGHER.

(*Supreme Court, General Term, Fifth Department.* January 22, 1892.)

1. LUNATIC—LIABILITY OF COMMITTEE.
   The committee of a lunatic, who permits an agent to manage the estate in a negligent manner, must account for the money paid to the agent for the estate.
2. APPEAL—MODIFICATION OF JUDGMENT.
   Where, in stating an account, a court overlooks evidence of an item that should be credited to one of the parties, the decree of the court should be amended on appeal in respect to the omitted item.
3. LUNATIC—COMMISSIONS OF COMMITTEE.
   The committee of a lunatic, who, through negligence and inattention, fails to realize any interest on the yearly balances due the lunatic, is not entitled to commissions.

Appeal from Cattaraugus county court.

Accounting of Charles E. Gallagher as committee of Hester A. Babcock, a lunatic. From a decree entered therein, committee appeals. Modified.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*William H. Henderson,* for appellant. *Hudson Ansley,* for respondent.

LEWIS, J. The appellant was appointed committee of the person and estate of Hester A. Babcock, a lunatic, by the county court of Cattaraugus county, on the 10th day of May, 1886, and soon thereafter entered upon the discharge of his duties as such committee. He continued to act as such committee until the 7th day of August, 1889, when he was discharged from the said office, and the respondent was appointed committee; and on the 29th day of April, 1890, she instituted these proceedings to compel Mr. Gallagher to render an account of his doings as such committee. Gallagher filed his accounts, Mrs. Babcock made objections, and the issues came on for trial before the county court of Cattaraugus county. That court made and entered a decree adjudging that Mr. Gallagher be charged with the total sum of $839, and that he be credited with the sum of $314.82, being disbursements made by him as such committee, leaving a balance in his hands of $524.18, which the decree required him to pay to Emma H. Babcock, the present committee. The principal assets of the lunatic consisted of a claim against her brother Orrin Babcock of $600, and two houses and lots in the village of Salamanca. Gallagher, instead of managing the estate personally, immediately after his appointment as such committee, employed as his agent Mr. Inman, an attorney, and gave him full power to collect the claim against Orrin Babcock, and the rents from the houses, and any other claims belonging to the lunatic. Gallagher, substantially, paid no attention, personally, to the business, but left it all with Inman. Inman collected rents, and the claim, or a portion of the claim, of Orrin Babcock, and retained the money. Gallagher did not require him to pay over the money that he had collected. Gallagher failed, during the three years and three months he was acting as such committee, to render any account of his trust. An action had been brought against Orrin Babcock by Hester A. Babcock to recover her claim of $600. The appellant, upon being appointed her committee, was substituted as plaintiff, and a judgment was recovered against Orrin for that sum; Mr. Inman acting as plaintiff's attorney.

Inman managed the affairs of the estate in a very loose, careless, and unbusiness-like manner. His accounts were kept so imperfectly that it was quite difficult to ascertain how the lunatic's affairs stood. The appellant was ad-

vised of the negligence of Inman, and he failed to take steps to bring him to account.

It was fairly established by the evidence that Inman received from the claim against Orrin Babcock, and from the rents of the lunatic's real estate, the sums found by the county court. While some of the evidence admitted by the county judge was of quite a doubtful character, there was sufficient proper and legal evidence given to sustain his findings.

We think that Inman was acting as Gallagher's agent in collecting the claim against Orrin Babcock, and that the county court properly held, in view of the negligent manner he had permitted the affairs of the estate to be managed, that he must account for the money paid his agent, Inman.

In stating the account the court below overlooked the evidence showing that the appellant paid the $40 collected from Christie to the respondent, and that item should be credited to him. The only evidence as to the $20 which the appellant claims should have been credited was given by Inman. Inman's entire evidence is very unsatisfactory. He seems to have forgotten pretty much everything he did in the business. That which he claims to have some recollection concerning, he is quite uncertain about. He testified that he charged the referee's fees of $20, in the action against Orrin Babcock, to the appellant, and then adds: "I charged $95.95 to Gallagher as costs in the Babcock suit. That was for costs in the case." The county court assumed—we think, properly—that the referee's fees formed a part of the $95.95 costs, in the absence of evidence to the contrary; and as the appellant failed to prove what Inman's services in the action were worth, he was not entitled to credit for the $20.

Gallagher testified that he paid little attention to the affairs of the estate. "My time was so occupied I allowed Inman to run it," he said. Through his negligence and inattention the lunatic has failed to realize any interest upon the yearly balances due her, and we think the appellant was not entitled to any commissions, because of his negligence. The decree should be amended by crediting the $40 mentioned, leaving due from the appellant, as such committee, the sum of $484.80, with interest from the date of the decree, and as thus amended the decree should be affirmed. No costs of the appeal should be allowed to either party.

The decree, modified as above suggested, affirmed, without costs to either party. All concur.